UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CRIMINAL NO. 3:13-CR-481-B-5 |
| | § | |
| DAVID L. REED, | § | |
| | § | |
| Defendant. | § | |

<u>MEMORANDUM OPINION AND ORDER</u>

Before the Court is Defendant David L. Reed's Motion for Compassionate Release (Doc. 604) and Brief in Support (Doc. 605). For the reasons that follow, his motion is **DENIED WITHOUT PREJUDICE**.

## I.

## BACKGROUND

In 2016, Reed pleaded guilty to conspiracy to unlawfully distribute a controlled substance and was sentenced to 180 months of imprisonment and 5 years of supervised release. Doc. 432, J., 1–3. Reed, who is now fifty years old, is serving his sentence at the Beaumont Medium Federal Correctional Institution with a statutory release date of December 22, 2026.[1] On November 9, 2021, Reed filed the pending motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), also requesting that he be appointed counsel. Doc. 604, Def.'s Mot., 1, 6; *see also* Doc. 605, Def.'s Br. The Court reviews Reed's motion below.

---

[1] The Court derives this information from the Bureau of Prisons ("BOP")'s Inmate Locator, available at https://www.bop.gov/inmateloc/ (last accessed January 14, 2022).

## II.

## LEGAL STANDARD

A district court lacks inherent authority to modify a defendant's sentence after it has been imposed. *See* 18 U.S.C. § 3582(c). But under § 3582(c)(1)(A), as amended by the First Step Act of 2018, "[a] court, on a motion by the BOP or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692 (5th Cir. 2020) (quoting § 3582(c)(1)(A)(i)).

## III.

## ANALYSIS

A.    *Reed is Not Entitled to Appointment of Counsel*

Reed's request for appointment of counsel is denied. Courts in this district have noted that "[t]he First Step Act does not provide for the appointment of counsel for those seeking relief under § 3582(c)(1)(A)," and the Fifth Circuit has not addressed the issue. *E.g.*, *United States v. Jackson*, 2020 WL 4365633, at *3 (N.D. Tex. July 30, 2020); *United States v. Dirks*, 2020 WL 3574648, at *2 (N.D. Tex. June 30, 2020). However, the Fifth Circuit *has* addressed a defendant's right to counsel with respect to § 3582(c)(2) and found that "a defendant does not have a statutory or constitutional right to appointed counsel in § 3582(c)(2) proceedings." *United States v. Hereford*, 385 F. App'x 366, 368 (5th Cir. 2010) (per curiam); *see also United States v. Whitebird*, 55 F.3d 1007, 1011 (5th Cir. 1995) (holding § 3582(c)(2) motions are "too far removed to be considered 'ancillary' to the criminal proceeding' to justify appointment of counsel)).

These "holdings logically apply to § 3582(c)(1)(A) motions for sentence reduction or modification filed directly by defendants in court." *E.g. Dirks*, 2020 WL 3574648, at *2; *United States v. Etti*, 2021 WL 3710692, at *1 (N.D. Tex. Aug. 20, 2021). Moreover, there is no constitutional right to counsel for post-conviction relief after the defendant's first direct appeal. *Whitebird*, 55 F.3d at 1011; *United States v. Garcia*, 689 F.3d 362, 364 (5th Cir. 2012). Accordingly, the Court finds that Reed is not entitled to appointment of counsel in his compassionate-release proceedings.

B.    *Compassionate Release is Not Appropriate*

1.    Reed Has Not Demonstrated Proof of Exhaustion

Reed's request for compassionate release is denied because he has not proven that he satisfied the exhaustion requirement. Section 3582(c)(1)(A) allows a defendant to bring a motion for compassionate release "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" § 3582(c)(1)(A).[2]

Reed's motion and briefing conflict regarding Reed's exhaustion of remedies. Under the section of Reed's motion titled "Exhaustion of Administrative Remedies," Reed checked a box next to the statement, "No, I did not submit a request for compassionate release to the warden" and left blank the section provided to allow him to explain his selection. Doc. 604, Def.'s Mot., 3. On the same page, Reed left blank the checkboxes under the question, "Was your request denied by the

---

[2] The Court clarified its interpretation of the thirty-day prong of the exhaustion requirement in *United States v. Ezukanma*, 2020 WL 4569067, at *2–5 (N.D. Tex. Aug. 7, 2020). In sum, based on the plain text of § 3582(c)(1)(A), the Court concluded that to comply with the statute's exhaustion requirement, a defendant may show that thirty days have passed since the warden's receipt of his compassionate-release request—irrespective of a denial. *See* 2020 WL 4569067, at *5.

Warden?" *Id.* By contrast, Reed's brief in support of his motion asserts that he "has repeatedly submitted requests to the Warden for compassionate release . . . [but] has not received any type of response[.]" Doc. 605, Def.'s Br., 2. Further, he claims to "ha[ve] multiple emails saved showing that he was seeking review." *Id.*

Irrespective of the representations made in his motion, Reed's brief is insufficient to prove that he has exhausted his administrative remedies. Specifically, Reed has not supplied the Court with any proof that he sent to the warden—and the warden received—his request for compassionate release. Absent this evidence, the Court cannot determine whether thirty days had elapsed between the date he submitted his request to the warden and the date he filed the instant motion. Accordingly, because Reed has not proven that he complied with the exhaustion requirement, the Court **DENIES WITHOUT PREJUDICE** his compassionate-release motion. *See, e.g.*, *United States v. Broadus*, 2020 WL 4784686, at *2 (N.D. Tex. Aug. 18, 2020) (denying compassionate release where the defendant failed to "show proof of her exhaustion of administrative remedies").

> 2.   Reed Has Not Demonstrated Extraordinary and Compelling Reasons for Release

Regardless of Reed's failure to exhaust his administrative remedies, he has not shown "extraordinary and compelling reasons" warranting compassionate release. *See* § 3582(c)(1)(A). Section 3582(c)(1)(A) does not define the "extraordinary and compelling reasons" that merit compassionate release. *See id.* Rather, Congress "delegated that authority to the Sentencing Commission" and directed it "to promulgate general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) that describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and

a list of specific examples." *United States v. Shkambi*, 993 F.3d 388, 391 (5th Cir. 2021) (citations omitted).

Prior to the passage of the First Step Act, the Sentencing Commission issued a policy statement—U.S.S.G. § 1B1.13—that "describes four 'extraordinary and compelling reasons' that could warrant a reduced sentence: (1) medical conditions, (2) age, (3) family circumstances, and (4) '[o]ther [r]easons.'" *United States v. Tyler*, 2021 WL 736467, at *2 (E.D. La. Feb. 25, 2021) (quoting U.S.S.G. § 1B1.13 cmt. n. 1(A)–(D)). The Fifth Circuit has since held that § 1B1.13 only applies to motions filed by "the Director of the [BOP]" and thus does not "bind[] a district court addressing a prisoner's own motion under § 3582." *Shkambi*, 993 F3d at 392–93 (citing § 1B1.13). While not binding, § 1B1.13 and its commentary nonetheless "inform[] [the Court's] analysis as to what reasons may be sufficiently 'extraordinary and compelling' to merit compassionate release." *United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021); *see United States v. Rivas*, 833 F. App'x 556, 558 (5th Cir. 2020) (per curiam). Applying its discretion, the Court concludes that Reed has not provided "extraordinary and compelling reasons" for release. *See* § 3582(c)(1)(A).

Reed argues that he is entitled to compassionate release because "he is serving an enhanced sentence under 21 U.S.C. [§] 851 [for which his offense] would no longer qualify under the new updated sentencing schemes" as amended by the First Step Act. Doc. 605, Def.'s Br., 3. According to Reed, "[i]f sentenced today [his] sentence would range from 5 to 10 years maximum." *Id.* Although Reed concedes that the First Step Act "did not make the [§] 851 penalty changes retroactive," he asserts that his circumstances nevertheless constitute compelling and extraordinary reasons warranting compassionate release. *Id.* The Court disagrees.

To start, the Court notes that the Fifth Circuit has not decided whether nonretroactive changes to sentencing laws may constitute extraordinary and compelling reasons for compassionate release and that courts in this circuit have reached conflicting answers. *Compare United States v. Fowler*, 2021 WL 6028373, at *2–3 (N.D. Tex. Feb. 24, 2021) (granting compassionate release on the basis of nonretroactive changes to § 924(c) made by the First Step Act); *United States v. Rainwater*, 2021 WL 1610153, at *2 (N.D. Tex. Apr. 26, 2021) (same), *with United States v. Tobin*, 2021 WL 3913584, at *5 (S.D. Tex. Aug. 31, 2021) (reasoning that granting compassionate release on the basis of new, nonretroactive legislation effectively appropriates the Congressional power to determine whether statutory provisions apply retroactively). The Court need not take a position today because even assuming that nonretroactive changes to sentencing laws may constitute an extraordinary and compelling reason for compassionate release, the First Step Act's changes to federal sentencing statutes would not affect Reed if he were sentenced today.

Section 851(a)(1) provides the procedure by which the Government may seek increased punishment for defendants convicted of violating a provision of 21 U.S.C. § 841 *et seq.* 21 U.S.C. § 851(a)(1). In the present case, Reed was convicted under § 841(b)(1)(E)(i), and the Government complied with § 851(a) by filing a timely notice that it would seek the enhanced penalties provided for by § 841(b)(1)(E)(ii). Doc. 432, J., 1; Doc. 256, Not. Penalty Enhancement Info., ¶¶ 1–4. Section 841(b)(1)(E)(ii) provides that, "[i]f any person commits such a violation after a prior conviction *for a felony drug offense* has become final, such person shall be sentenced to a term of imprisonment of not more than 20 years[.]" § 841(b)(1)(E)(ii) (emphasis added).

Reed argues that the First Step Act narrowed the class of qualifying convictions for § 841(b)(1) enhancement to only serious drug felonies rather than felony drug offenses.[3] Doc. 605, Def.'s Br., 3. While Reed is correct that the First Step Act amended § 841(b)(1), it did so only in relation to subsections (A) and (B)—not under the subsection applicable to Reed, § 841(b)(1)(E). *See* § 841(b)(1)(A)–(B), (E). Thus, under today's sentencing laws, only a felony drug offense is required to qualify for the enhanced penalties under § 841(c)(1)(E)(ii). *See United States v. Wiseman*, 932 F.3d 411, 417 (6th Cir. 2019) (finding the narrowed definition for qualifying convictions under § 841(b)(1)(A) and (B) did not apply to a defendant convicted under § 841(b)(1)(C)); *United States v. Mitchell*, 2021 WL 5331419, at *4 (E.D. La. Nov. 15, 2021) (finding same in denying motion for compassionate release). And the prior conviction on which Reed's enhancement was based—a state conviction for conspiracy to deliver cocaine over 400 grams—qualifies as a felony drug offense. *See* Doc. 256, Not. Penalty Enhancement Info., ¶¶ 1–4; 21 U.S.C. § 802(44).

Put simply, Reed's position that he "would no longer qualify [for his sentence] under the new updated sentencing schemes" is incorrect. *See* Doc. 605, Def.'s Br., 3. As such, Reed has failed to show extraordinary and compelling reasons for release.[4]

---

[3] The difference is material. A "serious drug felony" is "an offense described in [18 U.S.C. § 924(e)(2)] for which—(A) the offender served a term of imprisonment of more than 12 months; and (B) the offender's release from any term of imprisonment was within 15 years of the commencement of the instant offense." 21 U.S.C. § 802(57). A "felony drug offense" is "an offense . . . punishable by imprisonment for more than one year under any law of the United States or of a State . . . that prohibits or restricts conduct relating to narcotic drugs[.]" *Id.* § 802(44).

[4] Reed also "submits that his Texas state prison convictions are in conflict with the U.S. Supreme Court ruling in *Mathis*" but does not elaborate or explain (1) how this is the case or (2) why this supports his motion for compassionate release. Doc. 605, Def.'s Br., 3. As such, the Court finds this argument insufficient to establish grounds for compassionate release.

## IV.

## CONCLUSION

Reed's request for appointment of counsel is **DENIED** because he is not entitled to counsel at this stage of the proceedings. Moreover, his request for compassionate release under § 3582(c)(1)(A) fails because he has not proven exhaustion of his remedies. For these reasons, the Court **DENIES WITHOUT PREJUDICE** Reed's Motion (Doc. 604).

By denying Reed's motion without prejudice, the Court permits Reed to file a subsequent motion for compassionate release in the event that he can (1) provide evidence supporting a finding of extraordinary and compelling reasons for release, and (2) satisfy the exhaustion requirement with respect to those circumstances. However, to the extent that Reed merely repeats or provides minor elaborations to arguments that this Court has already rejected, such arguments will be summarily rejected.

Finally, the Court notes that before granting compassionate release under § 3582(c)(1)(A), it must consider the sentencing factors of § 3553. § 3582(c)(1)(A). Because Reed fails to prove exhaustion of his administrative remedies and extraordinary and compelling reasons for release, the Court need not conduct a § 3553 analysis today.

SO ORDERED.

SIGNED: January 21, 2022.

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE

- 8 -